NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Robert KELLY,

    Plaintiff,

v.

James SIMPSON, et al.,

    Defendants.

Civ. No. 13-03397

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motion to Dismiss filed by James Simpson, Edel McQuaid, Dan Black, Michael Moran, John Andrews, James Hodges, Thomas Noel, Gary Mittnaul, David Alvin, Francis T. Soltis, and John Does 1 to 10. (Docket No. 12). Local 195 International Federation of Professional and Technical Engineers, Timothy J. Rudolph, Michael Scorezitti, and John Does 11 to 15 filed a reply-brief in support of the Motion to Dismiss. (Docket No. 13). Plaintiff Robert Kelly ("Plaintiff") opposes the motion. (Docket No. 9). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Plaintiff's first nine causes of action are stayed and administratively terminated and Plaintiff's tenth cause of action is dismissed.

## II. BACKGROUND

Plaintiff was terminated from his position as a construction and maintenance technician with the Department of Transportation on or about May 1, 2013. (Docket No. 12, Ex. A, ¶ 42).

Plaintiff's termination was a result of disciplinary charges issued in June 2012 for "insubordination," "conduct unbecoming a public employee," and "incompetence." (*Id*. at ¶ 39). The termination was upheld following departmental hearings. (*Id*. at ¶ 39). Plaintiff exercised his right to appeal the hearing officer's decision to the New Jersey Office of Administrative Law. (*Id*. at ¶ 39).

In the course of his employment with the Department of Transportation, Plaintiff received numerous disciplinary charges. (*Id*. at ¶¶ 20, 22, 25, 27, 29, 31, 32, 36, and 37). Plaintiff has appealed all of the disciplinary charges against him, including his termination, and those appeals are currently pending in the New Jersey Office of Administrative Law. (*Id*. at ¶¶ 37, 39).

In his Amended Complaint, Plaintiff alleges numerous causes of action. The nine active causes of action are as follows:

**First Cause**: Violation of 42 U.S.C. § 1983 (failure to provide procedural due process);

**Second Cause**: Violation of N.J.Stat.Ann. § 10:6-1 (failure to provide procedural due process);

**Third Cause**: Withdrawn;

**Fourth Cause**: Violation of N.J.Stat.Ann. § 10:6-1 (failure to provide substantive due process);

**Fifth Cause**: Violation of 42 U.S.C. § 1983 (freedom of speech);

**Sixth Cause**: Violation of N.J.Stat.Ann. § 10:6-1 (freedom of speech);

**Seventh Cause**: Violation of 42 U.S.C. § 1985 (conspiracy);

**Eighth Cause**: Violation of N.J.Stat.Ann. § 34:19-1 (New Jersey Conscientious Employee Protection Act);

**Ninth Cause**: Violation of N.J.S.A. 24:13A-5.3, 5.4 (retaliation for union activity);

**Tenth Cause**: Violation of 29 U.S.C. § 185 (failure to represent).

III. DISCUSSION

1. Causes of Action One through Nine

Under the *Younger Abstention Doctrine*, a district court must abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein. *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). A district court should stay a federal action, rather than dismiss a complaint, if the state proceedings are administrative in nature to assure that the federal claims are actually resolved. *Gwynedd Props. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992).

Here, the first element of the *Younger Abstention Doctrine* is met because there are state proceedings that are related and pending. The Third Cirucit has held that state administrative proceedings are considered to be proceedings under *Younger*. *See Zahl v. Harper*, 282 F.3d 204, 209 (3d. Cir. 2002). Plaintiff's appeals of the disciplinary charges against him are currently pending in the New Jersey Office of Administrative Law. (Docket No. 12, Ex. A, ¶¶ 37, 39).

The second element of the *Younger Abstention Doctrine* is met because this matter implicates important state interests. It has previously been held that proceedings concerning the discipline of state employees implicate important state interests under *Younger*. *Terry v. Town of Morristown*, No. 06-1788, 2007 WL 2085351, at *4 (D.N.J. July 17, 2007). Disciplinary proceedings against Plaintiff, a former state employee, similarly implicate important state interests in this case.

The third element of the *Younger Abstention Doctrine* is satisfied because New Jersey's administrative proceedings provide a sufficient opportunity to litigate federal constitutional

3

issues. Plaintiff can bring his claims of constitutional error to the attention of the administrative body. If the administrative decision is upheld, Plaintiff will have another chance to bring those claims to the Appellate Division. The Appellate Division decision, if unfavorable, may then be appealed to the New Jersey Supreme Court. If Plaintiff remains dissatisfied with the treatment of his federal claims, he may seek certiorari in the United State Supreme Court.

Accordingly, the Court must stay and administratively dismiss causes of action one through nine.

2. Cause of Action Ten

Plaintiff claims Local 195 failed to provide fair and adequate representation pursuant to 29 U.S.C. § 185. 29 U.S.C. § 185 is part of the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 141. To bring a successful claim under the LMRA, a plaintiff must demonstrate that he or she is a part of an employee-employer relationship as defined by the LMRA. *Stinson v. Delaware River Port Auth.*, 935 F. Supp. 531, 537 (D.N.J. 1996) aff'd, 124 F.3d 188 (3d Cir. 1997). For the purposes of the LMRA, an employer is defined as follows:

> any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any **State or political subdivision thereof** . . .

29 U.S.C. § 152(3) (Emphasis added). Employees of state organizations cannot bring actions under 29 U.S.C. § 185 because these organizations are outside the definition of "employer" under the LMRA. *See Crilly v. Se. Pennsylvania Transp. Auth.*, 529 F.2d 1355, 1358 (3d Cir. 1976).

The allegations in Plaintiff's Amended Complain stem from Plaintiff's employment with the New Jersey Department of Transportation ("NJDOT"). NJDOT, a public employer, is not an

"employer" under the LMRA. Thus, this court lacks subject matter jurisdiction to hear Plaintiff's cause of action brought under 29 U.S.C. § 185.

V. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is stayed and administratively terminated with respect to causes of action one through nine and dismissed for lack of subject matter jurisdiction with respect to cause of action ten. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: 10/28/13